IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| RONALD LYNN JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:12-cv-436 |
| | ) | |
| DARON HALL, DAVIDSON COUNTY SHERIFF'S | ) | Judge Trauger |
| OFFICE, and CORRECT CARE SOLUTIONS, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Plaintiff Ronald Lynn Jones, a pretrial detainee incarcerated at the Davidson County Criminal Justice Center ("CJC"), operated by the Davidson County Sheriff's Office, filed his *pro se* complaint against defendants Daron Hall, the Davidson County Sheriff's Office, and Correct Care Solutions, Inc., asserting claims under 42 U.S.C. § 1983. The plaintiff also submitted an Application to Proceed *in Forma Pauperis*. The complaint is before the court for initial review pursuant to 28 U.S.C. §§ 1915(b)(2) and 1915A(a).

## I.    Factual Allegations in the Complaint

The plaintiff alleges that he has Hepatitis C and that he learned last year about a newly approved drug for the treatment of Hepatitis C, Victrelis.[1] The plaintiff alleges that Victrelis is a cure for Hepatitis C in African Americans. In November 2011, the plaintiff began filling out sick call requests, specifically asking to be treated with Victrelis, but Correct Care Solutions, Inc., the entity that contracts with the state to provide medical services to persons detained at the CJC, has categorically refused to treat the plaintiff with Victrelis. The plaintiff alleges that his health is deteriorating and that Correct Care Solutions "is refusing to give [him] that drug that can cure [him]." (ECF No. 1, at 3.) The plaintiff also asserts that the Davidson County Sheriff's Office has refused to respond to the grievance forms he submitted in November 2011, December 2011, and

---

[1] The court takes judicial notice that the FDA approved the drug Victrelis (boceprevir) to treat chronic Hepatitis C on May 13, 2011. *See* U.S. Food and Drug Administration, News Release, "FDA Approves Victrelis for Hepatitis C" (May 13, 2011) *available at* http://www.fda.gov/NewsEvents/ Newsroom/PressAnnouncements/ucm255390.htm. The court also notes that the Federal Bureau of Prisons has issued Clinical Practice Guidelines, most recently updated in March 2012, titled "Evaluation and Treatment of Hepatitis C and Cirrhosis, *available at* http://www.bop.gov/news/medresources.jsp (follow "Hepatitis C and Cirrhosis" hyperlink). This document notes the approval of Victrelis in May 2011 and summarizes the indications and contraindications for use of Victrelis.

January 2012, and that the Sheriff's Office is not complying with its obligation to care for the plaintiff's health while he is in state custody.

## II.    Analysis and Discussion

### A.    Standard of Review

Under the Prison Litigation Reform Act ("PLRA"), this Court is required to conduct an initial screening of a prisoner's civil complaint if, as in this case, it is filed *in forma pauperis* or if it seeks redress from a governmental entity or official.  28 U.S.C. §§ 1915(e)(2), 1915A(a).  After the initial screening, the Court must *sua sponte* dismiss the complaint or any portion thereof if it is determined to be frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief from a defendant immune from such relief.  *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), and accept the plaintiff's allegations as true unless they are clearly irrational or wholly incredible, *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), a plaintiff is required to plead more than bare legal conclusions.  *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996); *see also Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).  To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.  *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).

### B.    Whether the defendants are "persons" subject to liability under § 1983

To bring a successful claim under 42 U.S.C. § 1983, a plaintiff must establish "that (1) a person, (2) acting under color of state law, (3) deprived the plaintiff of a federal right." *Berger v. City of Mayfield Heights*, 265 F.3d 399, 405 (6th Cir. 2001).  In the present case, the plaintiff names as defendants Correct Care Solutions, Inc., the Davidson County Sheriff's Office, and Sheriff Daron Hall.  The threshold question is whether the defendants are "persons" "acting under color of state law" who may be subject to liability under § 1983.

Because the plaintiff does not assert that Sheriff Hall personally took any action that gave rise to the

claims in the plaintiff's complaint, the court construes the complaint as naming Sheriff Hall in his official capacity only.[2]  Claims against the Sheriff in his official capacity are tantamount to claims against the governmental entity that employs him, in this case, Metro-Davidson County.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[S]uit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.  As such, it is no different from a suit against the State itself.")  Likewise, the Davidson County Sheriff's Office is an arm of Metro-Davidson County, such that the claims against the Sheriff's Office are appropriately construed as being asserted against the municipality itself.  *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) ("Since the Police Department is not an entity which may be sued, Jefferson County is the proper party to address the allegations of Matthews's complaint.").  In other words, the claims against Sheriff Hall and the Sheriff's Office must be interpreted as claims against Metro-Davidson County.

Although a municipality may be a "person" for purposes of § 1983, the law is clear that a municipal government "cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory."  *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994).  Rather, "the touchstone of the § 1983 action against a government body is an allegation that official policy is responsible for the deprivation of rights protected by the Constitution."  *Monell*, 436 U.S. at 690.  "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'"  *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479–80 (1986)).  In short, "liability under § 1983 must be based on active unconstitutional behavior."  *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).  In this case, the plaintiff alleges that the Sheriff's Office has not responded to his grievance forms, but he has not otherwise alleged that either the Sheriff or the Sheriff's Office has taken any affirmative action that violated his constitutional rights.  The allegations do not suggest that the Sheriff's Office *per se* has a policy regarding treatment of detainees with Hepatitis C.  Rather, it appears that the plaintiff seeks to make the Sheriff's Office liable merely on the basis

---

[2]  If the plaintiff had intended to sue the Sheriff in his individual capacity, such suit would be subject to dismissal for failure to state a claim upon which relief may be granted, because the plaintiff has not alleged that the Sheriff was personally involved in any actions giving rise to the plaintiff's claims.

that it employs Correct Care Solutions to provide medical care to inmates detained there. The complaint, even liberally construed, does not suggest that Sheriff Hall, the Sheriff's Office, or Metro-Davidson County engaged in "active unconstitutional behavior." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). The court therefore finds that the complaint does not state claims against these defendants under § 1983 for which relief may be granted.

As for the claims against Correct Care Solutions, generally speaking, a § 1983 claim will not lie against a non-governmental actor. Notwithstanding, the Supreme Court has held that "[c]ontracting out prison medical care does not relieve the State of its constitutional duty to provide adequate medical treatment to those in its custody, and it does not deprive the State's prisoners of the means to vindicate their Eighth Amendment rights." *West v. Atkins*, 487 U.S. 42, 56 (1988). In *West*, the Court concluded that a physician to whom the state had contractually delegated its affirmative obligation to provide adequate medical care to prisoners was a state actor who could be held liable under § 1983. *Id.* Similarly, in the present case, the clinic to which the obligation to provide medical care to individuals in state custody has been contractually delegated may be held liable under § 1983.

The plaintiff must still, however, leap the *respondeat superior* hurdle to show that the clinic itself should be liable on the basis of its own actions and not on the basis of its employees' actions. "*Respondeat superior* is not a proper basis for liability under § 1983." *McQueen v. Beecher Cmty. Schs.*, 433 F.3d 460, 470 (6th Cir.2006). Again, this means that "liability under § 1983 must be based on active unconstitutional behavior." *Shehee*, 199 F.3d at 300. In the present complaint, the plaintiff's allegations, construed very broadly, reasonably give rise to an inference that Correct Care Solutions itself denied the plaintiff access to the drug Victrelis as a matter of policy and that the entity itself authorized, approved, or knowingly acquiesced in the decision to deny him access to the drug Victrelis without performing any kind of individualized assessment of the plaintiff's needs and suitability for the particular medication. *Cf. Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.1984) ("At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate.").

Thus, the allegations in the complaint reasonably give rise to the inference that Correct Care Solutions actively engaged in the behavior to which the plaintiff objects. The court therefore finds, for

purposes of the initial screening, that the plaintiff has alleged facts sufficient to establish that Correct Care Solutions may be liable under § 1983, assuming that the plaintiff has stated a claim for violation of his constitutional rights.

### C. Whether the plaintiff states a claim for violation of his constitutional rights

Although the plaintiff does not identify which of his federal rights he believes have been violated by Correct Care Solution's refusal to prescribe him Victrelis, claims based upon the withholding of medical care to prisoners implicate the Eighth Amendment's prohibition of "cruel and unusual" punishment. U.S. Const. amend. VIII. Although the Eighth Amendment applies only to post-trial convicts, the same protections are guaranteed to pretrial detainees through the Due Process Clause of the Fourteenth Amendment. *Miller v. Calhoun Cnty.*, 408 F.3d 803, 812 (6th Cir. 2005) (citations omitted).

The Eighth Amendment's prohibition against cruel and unusual punishments "proscribe[s] more than physically barbarous punishments." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). When a prison official's inattention to a prisoner's serious medical need amounts to deliberate indifference, such indifference constitutes the "unnecessary and wanton infliction of pain" that is proscribed by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1996). "In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id.* at 106.

Deliberate indifference claims have both an objective and subjective component. *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011). The objective component requires a plaintiff to show the medical condition is sufficiently serious. *Id.* "For obvious medical needs left completely untreated, the delay alone in providing medical care creates a substantial risk of serious harm." *Cobbs v. Pramstaller*, No. 10–2089, 2012 WL 1194999, at *5 (6th Cir. April 10, 2012) (internal quotations omitted). Where, however, "a 'deliberate indifference claim is based on a prison's failure to treat a condition *adequately*' or on 'a determination by medical personnel that medical treatment was unnecessary,'" then a plaintiff must demonstrate a detrimental effect of the delay in the adequate or necessary treatment. *Id.* (emphasis in original) (quoting *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 897 (6th Cir.2004)).

Here, the court will presume that Hepatitis C constitutes a sufficiently serious medical issue to satisfy the objective component of the test. *Cf. Hix v. Tenn. Dep't of Corrs.*, 196 F. App'x 350 (6th Cir. 2006) ("[H]epatitis C likely constitutes a serious medical need sufficient to satisfy the objective component of our

Eighth Amendment analysis. . . ." (citation omitted)).  In addition, as noted above, the FDA approved the use of the drug Victrelis in May 2011.  The plaintiff's allegations, again construed very broadly, may be read to assert that he is a candidate for the use of Victrelis but he has been denied appropriate treatment of his Hepatitis C.  He alleges that his condition is worsening, giving rise to an inference that delay in adequate or necessary treatment has caused the deterioration.

Despite the paucity of detail in the plaintiff's complaint, the court finds that the plaintiff here has alleged facts which, taken as true, might establish that authorities with Correct Care Solutions have been deliberately indifferent to the plaintiff's serious medical needs.  The court will therefore permit the complaint to proceed against that defendant.

**III.     Conclusion**

An order will be entered consistent with this opinion, permitting the complaint to proceed against Correct Care Solutions but dismissing the claims against Daron Hall and the Sheriff's Department.

Aleta A. Trauger
United States District Judge